IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
CIVIL DIVISION

| | |
|---|---|
| JACK L. SISK and ELIZABETH M. SISK, <br> Plaintiffs, <br><br> vs. <br><br> HI-TECH AMERICA DEVELOPMENT (HAD) III CORPORATION, HI-TECH AMERICA DEVELOPMENT (HAD) V CORPORATION, GLOBAL DISTRIBUTION GROUP, INC., KENNETH FRANKLIN, SR., KENNETH FRANKLIN, JR., RONALD KONITZER and KENNETH FINKELSTEIN <br> Defendants. | CASE NO. _____ <br><br> JURY DEMANDED |

## COMPLAINT

COME NOW JACK L. SISK and ELIZABETH M. SISK, the above named Plaintiffs and for their cause of action against Defendants HI-TECH AMERICA DEVELOPMENT (HAD) III CORPORATION, HI-TECH AMERICA DEVELOPEMNT (HAD) V CORPORATION, GLOBAL DISTRIBUTION GROUP, INC., KENNETH FRANKLIN, SR., KENNETH FRANKLIN, JR., RONALD KONITZER and KENNETH FINKELSTEIN hereby state as follows:

## INTRODUCTION

Plaintiffs bring this action to recover damages caused by the Defendants' scheme to defraud them, through a scheme of racketeering activity, of a significant portion of the assets they owned.

## PARTIES

1. Plaintiff JACK L. SISK is an individual residing in Giles County, Tennessee.

2. Plaintiff ELIZABETH M. SISK is an individual residing in Giles County, Tennessee.

3. Defendant HI-TECH AMERICA DEVELOPMENT (HAD) III CORPORATION purports to be an incorporated company with its place of business located at 101 East Hill Place, Market Street North, Nassau, BAHAMAS.

4. Defendant HI-TECH AMERICA DEVELOPMENT (HAD) V CORPORATION purports to be an incorporated company with its place of business at 101 East Hill Place, Market Street North, Nassau, BAHAMAS.

5. Defendant GLOBAL DISTRIBUTION GROUP, INC. (hereinafter referred to as GLOBAL) is a suspended California corporation who has listed Ara Agadjanian, 1003 S. Central Avenue, Glendale, California 91204 as its agent for service of process.

6. KENNETH FRANKLIN, SR.(hereinafter referred to as FRANKLIN, SR.) is an individual residing at 3903 Butternut Court, Brandon, Hillsborough County, Florida 33511.

7. Defendant KENNETH FRANKLIN, JR.(hereinafter referred to as FRANKLIN, JR.) is an individual residing at 910-A Lithia-Pinecrest Road, Brandon, Hillsborough County, Florida 33511.

8. Defendant RONALD KONITZER (hereinafter referred to as KONITZER) is an individual residing at 5662 Chancellor Blvd., Vancouver, BC V6T1E3, CANADA.

9. Defendant KENNETH FINKELSTEIN (hereinafter referred to as FINKELSTEIN) is an individual currently believed to be doing business or residing at

219-162 1st Ave. W., Vancouver, BC V6J1G1 CANADA.

## JURISDICTION AND VENUE

10. This Court has jurisdiction pursuant to 18 U.S.C. 1964, 28 U.S.C. 1331 and 1367 and principles of supplemental jurisdiction.

11. Venue is proper in this District pursuant to 18 U.S.C. 1965 (a) and 28 U.S.C. 1391 because a substantial part of events giving rise to this claim occurred in Giles County, Tennessee.

## FACTUAL ALLEGATIONS

12. On or about May 5, 2003, the Plaintiffs as sellers executed two share purchase agreements, a copy of which is attached as Plaintiffs' collective Exhibit A, with GLOBAL as purchaser. In accordance with said agreements, the Plaintiffs delivered the shares, which they had previously acquired on or about May 11, 1999 by paying $37,500.00 and on or about October 8, 2001 by paying $12,500.00 to invest in Hi-Tech America Development (hereinafter referred to as HAD) (III and V, respectively) Corporation, to Defendant FRANKLIN, SR. A copy of the letter from Defendants FRANKLIN, SR. and FRANKLIN, JR. with instructions on how to make such check(s) payable is attached as Plaintiffs' Exhibit B. A copy of the Plaintiffs' cancelled checks documenting said payments is attached as Plaintiffs' collective Exhibit C.

13. In consideration of these payments received from the Plaintiffs, Defendant KONITZER executed agreements, a copy of which is attached as Plaintiffs' collective Exhibit D, on or about May 11, 1999 and October 8, 2001.

14. Defendants have failed to make any repayment to the Plaintiffs under the agreements, except for a $500.00 payment by KONITZER on or about January 29, 2007.

A copy of the signed check and letter which Plaintiff Jack Sisk received from KONITZER is attached as Plaintiff's collective Exhibit E.

15. Plaintiffs were sold these investments by Defendant FRANKLIN, SR. in Giles County, Tennessee. A "Special Bulletin" which the Plaintiffs received from Defendants FRANKLIN, SR. and FRANKLIN, JR., a copy of which is attached as Plaintiff's Exhibit F, mentions "obtaining the exclusive franchising rights for... Tennessee". No construction has ever been started of a factory in any of the promised Territories related to these investments.

16. Plaintiffs have demanded an accounting and repayment, but Defendants have failed to comply.

17. Defendant GLOBAL is currently indebted to Plaintiffs at least in the amount of $52,500.00 under said share purchase agreements.

18. Defendant GLOBAL has breached the terms of the share purchase agreements it made with the Plaintiffs. The breach includes, but is not limited to, not making any payments to the Plaintiffs.

19. Defendants FRANKLIN, SR. as the designated delivery person, and FRANKLIN, JR. as his agent, received the Plaintiffs' HAD shares certificates and documents, breached the agreement and are liable to the Plaintiffs for the receipt of the shares and all proceeds they received related to the investments sold to the Plaintiffs.

20. Defendant KONITZER breached the agreement he executed with the Plaintiffs and is liable to the Plaintiffs for all proceeds he received related to the investments sold to the Plaintiffs.

21. Defendant FINKELSTEIN designated himself as the escrow agent in the share purchase agreement and is liable to the Plaintiffs for any shares and all proceeds he received on behalf of any and all of the parties in this action. Prior to the share purchase agreement, Defendant FINKELSTEIN, purportedly on behalf of HAD, previously contacted the Plaintiffs as is documented by his letter of July 16, 2001 which is attached as Plaintiffs' Exhibit G.

22. The joint scheme between the Defendants who are natural persons was ongoing and continuous in that it began prior to May, 1999 and continued for several years. The primary purpose of said scheme was to defraud the Plaintiffs, and other individual investors, of most of their life's savings.

23. This is an appropriate case for an award of pre-judgment interest on the Plaintiffs' unreturned investments, plus costs and reasonable attorney fees for the Plaintiffs related to this action.

24. The corporate veil of Defendant GLOBAL, as a suspended corporation, should be pierced by the Court to find the Defendants FRANKLIN, SR. as the designated delivery person, and his son, FRANKLIN, JR. as his agent, received the Plaintiffs' HAD shares certificates plus documents so they are liable to the Plaintiffs for the receipt of the shares and all proceeds they received related to the investments sold to the Plaintiffs.

25. The Defendant FRANKLIN, SR. as the designated delivery person, and FRANKLIN, JR. as his agent, received the Plaintiffs' HAD shares certificates plus documents and made statements which they knew or had reason to know were untrue to Plaintiff Jack Sisk related to the investments sold to the Plaintiffs, and therefore are liable for fraud and/or misrepresentation.

26. Defendant KONITZER in making agreements with the Plaintiffs made statements which he knew or had reason to know were untrue related to the investments purchased by the Plaintiffs, and therefore is liable for fraud and or/misrepresentation.

27. All of the Defendants and/or their agents knew or should have known that the Plaintiffs would reasonable rely upon said statements in making these purchases.

28. The Plaintiffs did reasonable rely upon said statements to their detriment.

29. In doing so, the Plaintiffs suffered damages in the amount of at least $49,500

## COUNT I (RACKETEERING AGAINST ALL DEFENDANTS)

30. Plaintiffs reallege the allegations of paragraphs 1 through 29 and incorporate them herein by reference.

31. Defendants are "persons" within the meaning of the Racketeering Influenced and Corrupt Organizations Act ("RICO") 18 U.S.C. 1961 (3).

32. Defendants formed an association-in-fact to defraud the plaintiffs and persons like them of most or all their life's savings. The association in fact functioned as an enterprise engaged in interstate commerce within the meaning of RICO, 18 U.S.C. 1961 (4).

33. Defendants engaged in a pattern of racketeering activity within the meaning of RICO, 18 U.S. C. 1961 (5)

    a. Defendants used the interstate wires to facilitate their obtaining the Plaintiffs' funds by means of false or fraudulent pretenses, representations or promises by transmitting communications for the purpose of executing their scheme, in violation of 18 U.S. C. 1343. The acts of wire fraud included at least the following:

  i. One or more telephone calls between Defendant FRANKLIN, SR. and/or Defendant FRANKLIN, JR. and Defendant KONITZER in which they agreed to defraud investors including the Plaintiffs pursuant to their ongoing scheme.

  ii. One or more telephone calls between Defendant KONITZER and Plaintiff Jack Sisk in which Defendant KONITZER falsely indicated that promised payment(s) would be made.

  b. Defendants used the United States mail to send documents for the purpose of executing their scheme to obtain the Plaintiffs' funds by means of false or fraudulent pretenses, representations or promises in violation of 18 U.S.C. 1341. The acts of mail fraud include documents which were mailed to the Plaintiffs including, but not limited to, those which are attached to this Complaint as Plaintiffs' collective Exhibit A, and Plaintiffs' Exhibits B, D, E, F and G.

  34. The acts of racketeering described above were part of a continuous scheme that began prior to May, 1999 and continued for several years. Plaintiffs believe that numerous persons were defrauded pursuant to the scheme, although the precise number is unknown to the Plaintiffs at this time.

  35. The Defendants were associated with the enterprise. They participated in the operation and management of its affairs.

  36. Defendants conducted or participated, directly or indirectly, in the conduct of the affairs to the enterprise through the pattern of racketeering activity described above, in violation of 18 U.S.C. 1962 (c).

  37. Plaintiffs have been injured financially and suffered loss of most of their funds by reason of the violation described above because only $500 has returned to them.

7

Case 1:10-cv-00006 Document 1 Filed 01/28/10 Page 7 of 10 PageID #: 7

## COUNT II (FRAUD AGAINST ALL DEFENDANTS)

38. Plaintiffs reallege the allegations of paragraphs 1 through 29 and incorporate them herein by reference.

39. Defendants misrepresented to the Plaintiffs the nature of what they were purchasing and returns which the Plaintiffs would receive regarding said purchase and repurchase. Defendants' representations were false at the time they were made and Defendants knew their representations were false.

40. Those representations were material to the Plaintiffs when they decided to use most of their life's savings to make the two purchases and to sign share repurchase agreements.

41. Defendants failed to inform the Plaintiffs that they had formed a scheme to defraud investors by retaining almost all of the Plaintiffs life's savings.

42. The facts that Defendants omitted and failed to inform the Plaintiffs of would have been material to them when they decided to make the two purchases and to sign share repurchase agreements.

43. The Plaintiffs relied on those representations and omissions when they signed checks for the two purchases and signed the share repurchase agreements.

44. Plaintiffs have been injured financially and suffered loss of most of their funds as a result of the Defendants' fraud because only $500 has returned to them.

## COUNT III (BREACH OF CONTRACT AGAINST ALL DEFENDANTS)

45. Plaintiffs reallege the allegations of paragraphs 1 through 29 and incorporate them herein by reference.

46. Defendants HAD III and IV by Defendant KONITZER and procured through Defendants FRANKLIN, SR., FRANKLIN, JR. and FINKELSTEIN entered into contracts for purchases with the Plaintiffs.

47. The consideration for those contracts included the funds received from the Plaintiffs.

48. Defendants HAD III and IV, Defendants KONITZER, FRANKLIN, SR., FRANKLIN, JR. and FINKELSTEIN breached those contracts. They did not provide the promised returns.

49. Defendants GLOBAL, FRANKLIN, SR., FRANKLIN, JR. and FINKELSTEIN entered into contracts for share repurchases with the Plaintiffs.

50. The consideration for those contracts included the shares received from the Plaintiffs.

51. Defendants GLOBAL, FRANKLIN, SR., FRANKLIN, JR. and FINKELSTEIN breached those contacts. They did not provided the promised payments.

52. Plaintiffs have been injured financially and suffered loss of most of their funds as a result of the Defendants' breaches of contract because only $500 has returned to the Plaintiffs.

## COUNT IV
## (BREACH OF FIDUCIARY DUTY AGAINST INDIVIDUAL DEFENDANTS)

53. Plaintiffs reallege the allegations of paragraphs 1 through 29 and incorporate them herein by reference.

54. The Plaintiffs sent their HAD III and IV share certificates to Defendant FRANKLIN, SR. at the written direction of Defendant FINKELSTEIN and the Plaintiffs

believe that Defendants FRANKLIN, JR. and KONITZER were involved in the procurement of purported share repurchase agreements.

55. Because Defendant FRANKLIN, SR. and/ or Defendant FINKELSTEIN and also Defendants FRANKLIN, JR. and KONITZER who assisted in such procurement, held the share certificates for the benefit of the Plaintiffs, they owed a fiduciary duty.

56. The Plaintiffs have reason to believe that such duty was breached because the Plaintiffs have not received back possession their certificates which they sent to Defendant FRANKLIN, SR. on May 6, 2003 by Certified Mail. Plaintiffs have been injured financially and suffered loss of most of their funds as a result of the individual Defendants' breaches of fiduciary duty because only $500 has returned to the Plaintiffs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request relief as follows:

A.  For Count I, treble their damages plus the costs of suit, including a reasonable attorney's fee;

B.  For Counts II, III, and IV, compensatory damages and prejudgment interest in an amount to be determined, plus the costs of suit and a reasonable attorney's fee;

C.  Such other relief as the Court may order.

Plaintiffs demand a trial by jury of all issues so triable. Respectfully Submitted:

UAW-GM Legal Services Plan
By: *Shearon W. Hales*
Shearon W. Hales, BPR# 011184
shearonha@uawlsp.com
Attorney for Plaintiffs
P.O. Box 1797
Spring Hill, Tennessee 37174-1797
(931) 487-9818 ext. #230