IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| Jack L. Sisk, et al. | ) | |
|---|---|---|
| Plaintiff | ) | |
| | ) | |
| v. | ) | Civil Action No: 1:10cv6 |
| | ) | JUDGE HAYNES |
| Hi-Tech America Development (HAD) III | ) | |
| Corporation, et al. | ) | |
| Defendant | ) | |

## MOTION TO DISMISS COMPLAINT

COME NOW the Defendants, KENNETH FRANKLIN JR., and the personal representative of the estate of KENNETH FRANKLIN SR. (substituted as a defendant in this action for Kenneth Franklin, Sr.), through counsel, pursuant to Federal Rules of Civil Procedure 8, and 12, and move this Honorable Court to enter an Order dismissing this action because:

1. Venue is improper.

2. The applicable limitations period, as to each Count of the Plaintiff's Complaint, ran long before the Plaintiffs filed their Complaint.

3. The Defendant's Memorandum in support of this Motion is attached.

Respectfully submitted this 17th day of May, 2011.

                                                     s/Richard Weldon
                                                   RICHARD WELDON
                                                   101 Main Street, Suite A
                                                   Safety Harbor, FL 34695
                                                   rweldonlaw@verizon.net
                                                   (727) 725-8500
                                                   FAX (727) 725-8285
                                                   FBN 0269697
                                                   Attorney for Defendants Kenneth Franklin, Jr., and the Estate of Kenneth Franklin, Sr.

1

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing *Motion to Dismiss Complaint, and attached Memorandum in Support of Defendants' Motion to Dismiss* has been served upon Shearon Hales, Attorney for Plaintiffs, through the Electronic Filing System at shearonha@uawlsp.com on the 17th day of May, 2011; and on Defendant Ronald Konitzer, by United States Mail, at 5662 Chancellor Blvd., Vancouver, BC CANADA on the 18th day of May, 2011.

                                              /s/Richard Weldon
                                              Richard Weldon, Esquire

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| Jack L. Sisk, et al. )<br>    Plaintiff )<br>)<br>v. )<br>)<br>Hi-Tech America Development (HAD) III )<br>Corporation, et al. )<br>    Defendant ) | Civil Action No: 1:10cv6<br>JUDGE HAYNES |

## MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

### 1. Improper Venue

The federal claim asserted by the Plaintiffs in this action is for civil racketeering pursuant to 18 U.S.C. § 1965, and that statute provides that the action may be instituted in the District Court of the United States for any district in which a person resides, has an agent or transacts affairs; and none of those particulars apply to the Defendants herein.

### LAW

18 U.S.C. § 1965 provides in pertinent part as follows:

    (a) Any civil action or proceeding under this chapter against any person may be instituted in the District Court of the United States for any district in which such person resides, is found, has an agent, or transacts his affairs.

18 U.S.C. § 1961 (3) defines "person" to include any individual or entity capable of holding a legal or beneficial interest in property.

### FACTS

The claims alleged by the Plaintiffs in their Complaint against the Defendants, are for racketeering pursuant to 18 U.S.C. 1962, and for fraud, breach of contract, and breach of fiduciary duty. In paragraphs three through nine of the Complaint, the Plaintiffs have alleged

3

that Defendant Hi-Tech America Development (HAD) III Corporation purports to be an incorporated company with its place of business in Nassau, Bahamas; that the Defendant Hi-Tech America Development (HAD) V Corporation purports to be an incorporated company with its place of business in Nassau, Bahamas; that the Defendant Global Distribution Group, Inc. is a suspended California Corporation; that the Defendant Kenneth Franklin, Sr. (for whom his estate has been substituted as a party) and the Defendant Kenneth Franklin, Jr., are individuals residing in Hillsborough County, Florida; that the Defendant Ronald Kanitzer is an individual residing in Vancouver, British Columbia; and that Defendant Kenneth Finkelstein is an individual believed to be doing business or residing in Vancouver, British Columbia.

ARGUMENT

All of the Defendants in this action fall within the definition of "person", as set out in 18 U.S.C. 1961 (3); and the Plaintiffs in this lawsuit have based their federal civil action on the Defendant's purported violation of 18 U.S.C. 1962, and the remedies provided in 18 U.S.C. 1964. The other remaining Counts of the Plaintiff's Complaint are at best, supplementary to the federal claim, and absent the asserted violation of 18 U.S.C. 1962, the Plaintiffs would not be able to file a lawsuit in federal court for Counts two, three and four, of their Complaint.

Title 18, § 1965, makes clear that the venue for a civil action against any "person" may be instituted in the District Court of the United States for any district in which such person resides, is found, has an agent, or transacts his affairs. The Plaintiffs have failed to allege that any of the Defendants in this case reside in, are found, have an agent in, or transact their affairs in the state of Tennessee. Two of the Defendants, Kenneth Franklin, Jr., and the estate of Kenneth Franklin, Sr., are alleged to reside in the state of Florida, and by inference it can be said that they are found in the state of Florida, and transact affairs in the state of Florida. Four of the remaining Defendants are alleged to be outside of the United States, and the remaining Defendant is alleged to be a suspended California Corporation. Therefore, the state of Florida

4

would be the appropriate venue for the federal civil racketeering action filed by the Plaintiffs. In view of the fact that Tennessee is an improper venue, this action should be dismissed.

### *2. Statute of Limitations*

The Plaintiffs have alleged that they purchased shares of stock in the HAD Corporation in 1999 and 2001, for a total sum of fifty thousand dollars. The Plaintiffs have also alleged that on May 5, 2003, they entered into an agreement with Defendant Global Distribution Group, Inc., to sell Global twenty shares of HAD III stock, for the sum of thirty nine thousand, seven hundred and fifty dollars, that the closing date for the payment was to be the thirtieth day of May, 2003, and that they have not been paid.

The Supreme Court of the United States, in Klehr v. A.O. Smith Corporation 521 U.S. 179, 117 S.Ct. 1984, 138 L.Ed.2d 373 (1997), made clear that Civil RICO actions are subject to a four-year statute of limitations. And the Sixth Circuit Court of Appeals has determined that a Civil RICO cause of action begins to accrue as soon as the Plaintiff discovers, or reasonably should have discovered, the existence and source of his injury and that the injury is part of a pattern [Agristor Fin. Corp. v. Van Sickle, 967 F. 2d. 233(C.A.6 1992)]. The Plaintiffs realized that they were not going to be paid at the end of May, 2003, and knew then, or should have known then, the existence and source of their injuries and that such injury was part of a pattern, yet they waited until January 28, 2010, to file their Complaint.

### LAW

In Klehr, the Supreme Court of the United States considered, *inter alia,* one aspect of the "statute of limitations" law as it concerned the date upon which a Civil RICO action accrues. In its opinion, the Court noted that the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1961 to 1968, included a special provision, commonly known as Civil RICO, which allows any person injured in his business or property by reason of a violation of RICO's criminal provisions, to recover treble damages and attorney's fees. However, the Court, noting that the RICO statute does not say what limitations period governs the filing of civil RICO
5

claims, reaffirmed its decision in <u>Agency Holding Corp v. Malley-Duff and Associates, Inc.</u>, 483 U.S. 143, 107 S. Ct. 2759, 97 L. Ed. 2d 121 (1987): "… civil RICO actions are subject to the 4-year limitations period contained in section 4B of the Clayton Act (Antitrust)…that governs private civil antitrust actions seeking treble damages".

The Court further determined that it should not consider differences among the various discovery accrual rules used by the different circuit courts of appeal. In the Sixth Circuit, the Court has determined that a Civil RICO cause of action begins to accrue as soon as the Plaintiff discovers, or reasonably should have discovered, both the existence and source of his injury and that the injury is part of a pattern. (See <u>Agristor,</u> supra).

## FACTS

The Plaintiffs allege in paragraph twelve of their Complaint, that they purchased shares of stock in HAD III Corporation on May 11, 1999, for the sum of thirty seven thousand five hundred dollars, and on October 8, 2001, for the sum of twelve thousand five hundred dollars. Subsequently, on May 5, 2003, the Plaintiffs, pursuant to exhibit "A" attached to their Complaint, entered into a Share Purchase Agreement with Global Distribution Group, Inc., and HAD III Corp., whereby the Plaintiffs agreed to sell to Global, twenty of the issued and outstanding shares of HAD III, for the sum of thirty-nine thousand, seven hundred and fifty dollars. The closing date of the transaction was to be the thirtieth day of May, 2003, except that the closing date could be extended for up to thirty days to a date to be mutually agreed upon by the parties under certain circumstances.

Pursuant to paragraph fourteen of the Plaintiff's Complaint, they allege that the Defendants failed to make any repayment to them under the agreements, except that they allege that Defendant Konitzer made a five hundred dollar payment to them on January 29, 2007.

## ARGUMENT

6

Assuming *arguendo* that the Plaintiffs have stated a cause of action for Civil RICO (and applying the standard recognized by the Sixth Circuit Court of Appeals), the Plaintiffs should have discovered, or reasonably discovered, within thirty days of May 5, 2003, that Global was not going to perform pursuant to the Share Purchase Agreement, and that they were not going to be paid the sum of thirty-nine thousand, seven hundred and fifty dollars. Certainly, by January 27, 2006, (four years and one day prior to filing of the Complaint in the instant case), the Plaintiffs had discovered, or reasonably could have discovered, both the existence and source of their so-called RICO injuries and that the injuries were part of a pattern. The Plaintiffs acknowledge, in paragraph fifteen of the Complaint, that they were informed, on December 1, 1998, by virtue of exhibit "F" to the Complaint, that the HAD Corporation obtained exclusive franchise rights for a number of states, including Tennessee (the home state of the Plaintiffs), to build a factory to construct residential and commercial buildings. Certainly by the time the Plaintiffs signed the Share Purchase Agreement with Global, in May, 2003, the Plaintiffs were aware that no construction of any factory had been started in any of the promised territories related to their investments. And, by May 30, 2003, the Plaintiffs knew that Global had not made the contracted payment to them. As with the Petitioners in Klehr, the Plaintiffs herein suffered "one single, continuous injury" sometime between their receipt of exhibit "F" in December, 1998, and the failure of Global to pay them pursuant to the Share Purchase Agreement on May 30, 2003. The Plaintiffs' RICO claim is therefore time-barred because the Plaintiffs knew or should have known of the alleged losses, and the source of the losses, for more than four years before bringing suit in January, 2010.

In apparent anticipation of the argument of the Defendants herein, the Plaintiffs have alleged that the Defendant Konitzer paid them five hundred dollars on or about January 29, 2007; and the Plaintiffs imply that this payment would somehow prevent their claim from being time-barred. However, as the Klehr Court reminds us, by adverting to its decision in Zenith Radio Corp. v. Hazeltime Research, Inc. 401 U.S. 321, 91 S.Ct. 795, 28 L.Ed. 2d. 77

7

(1971), the commission of a separate new overt act generally does not permit the Plaintiff to recover for the injury caused by old overt acts outside the limitations period. Assuming that the five hundred dollar payment by Konitzer was a "new act", this fact does not help the Plaintiffs, because they have not alleged how the Konitzer payment could have caused them harm over and above the harm that the earlier acts caused.

The pendent state law claims are also barred by the State Statutes of Limitations, or, alternatively, should be dismissed because this Court lacks subject matter jurisdiction once the federal cause of action is dismissed. The most generous limitations period which the Plaintiffs could assert, would be the period found in Tennessee Code Section 28-3-109, which provides that an action on a contract not otherwise expressly provided for, shall be commenced within six years after the cause of action accrued. As previously pointed out, the Share Purchase Agreement signed by Plaintiffs on the fifth day of May, 2003, provided for a payment to the Plaintiffs by May 30, 2003, unless extended up to thirty days to a date to be mutually agreed upon by the parties. However, the Plaintiffs have not alleged that they agreed to an extension of the closing date. Therefore, pursuant to Section 28-3-109, the Plaintiffs' cause of action for breach of contract accrued on May 31, 2003, when Global failed to make the agreed-upon payment to the Plaintiffs. Thus, the Plaintiffs should have filed their Complaint by May 31, 2009, which they failed to do.

Respectfully submitted this 17th day of May, 2011.

        s/Richard Weldon
        RICHARD WELDON
        101 Main Street, Suite A
        Safety Harbor, FL 34695
        rweldonlaw@verizon.net
        (727) 725-8500
        FAX (727) 725-8285
        FBN 0269697
        Attorney for Defendants Kenneth Franklin, Jr., and the Estate of Kenneth Franklin, Sr.

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that a true copy of the foregoing *Motion to Dismiss Complaint, and attached Memorandum in Support of Defendants' Motion to Dismiss* has been served upon Shearon Hales, Attorney for Plaintiffs, through the Electronic Filing System at [shearonha@uawlsp.com](mailto:shearonha@uawlsp.com) on the 17th day of May, 2011; and on Defendant Ronald Konitzer, by United States Mail, at 5662 Chancellor Blvd., Vancouver, BC CANADA on the 18th day of May, 2011.

                                        /s/Richard Weldon
                                        Richard Weldon, Esquire